IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LATEFAH SHAMPINE, | ) | CASE NO. 1:07 CV 3886 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | Magistrate Judge Greg White |
| EAST CLEVELAND BOARD OF | ) | |
| EDUCATION, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Greg White (Docket #35) recommending that the Court grant the Motion for Summary Judgment filed by Defendant East Cleveland Board of Education (Docket #32).

The Complaint filed by Plaintiff alleges three causes of action: Count One – "not hiring her because of her age, in violation of the Age Discrimination Act of 1967"; Count Two – "not hiring her because of her culture, in violation of [the] Civil Rights Act of 1964"; and, Count Three – a violation of her rights under the Fourteenth Amendment to the United States Constitution and Art. I., Sec. 1 of the Ohio Constitution. Defendant filed its Motion for Summary Judgment on December 19, 2008. On January 6, 2009, Plaintiff was granted an extension until February 20, 2009 to respond to the Motion for Summary Judgment.

Plaintiff failed to file a response.

Relative to Counts One and Two of the Complaint, the Magistrate Judge found as follows:

> Plaintiff has not offered any direct evidence of either age or religious discrimination. With respect to the age discrimination claim, Plaintiff can show that she was a member of a protected age class and that she was discharged (or not re-hired). However, Plaintiff cannot show that she was qualified for the substitute teaching position because she did not possess the requisite substitute teachers' license at the time of the hiring decision. Further, there is no evidence in the record suggesting that the substitute teachers ultimately hired for the 2006- 2007 school-year were younger than Plaintiff. As for the summer CLCP position, Defendant has presented evidence that it was hiring fewer staff and requiring regular teaching licenses due to reduced funding. Thus, Plaintiff, possessing only a substitute license, was not qualified for the filled positions. Even if Plaintiff could overcome the qualifications hurdle, she cannot show that she was replaced by a younger person. There is evidence that three of the seven staff members hired for the CLCP positions were also over forty years of age. Moreover, assuming *arguendo* that Plaintiff could make out a *prima facie* case of age discrimination, Defendant has offered legitimate, non-discriminatory reasons for not re-hiring her – namely that (1) she was not qualified because she did not possess a regular teaching license and, (2) the ballet position she previously held was eliminated due to decreased funding. Plaintiff has made no attempt to establish that the reasons offered by Defendant were merely pretextual. As such, her age discrimination claim cannot survive summary judgment.
>
> Turning to her religious discrimination claim, it is reasonable to infer that Plaintiff could show that she is a Muslim as she averred in the Complaint and that she suffered an adverse employment action – not being re-hired. Just as in the age discrimination claim, however, Plaintiff cannot show that she was qualified for either the substitute teaching position, due to the expiration of her substitute teachers' license, or the summer CLCP position. Furthermore, Plaintiff has not shown that persons hired for the CLCP program were of a different religious persuasion or that she was treated differently than similarly situated employees. There is no evidence to suggest that non-Muslims without a regular teaching license were treated differently than Plaintiff. Even if she could establish a *prima facie* case, Plaintiff has made no attempt to establish that the non-discriminatory reasons given by Defendant for not hiring her were pretextual.

> Therefore, it is recommended that both Counts One and Two of the Complaint be dismissed as no genuine issue of material fact remains.

Relative to Count Three of the Complaint, the Magistrate Judge found as follows:

> In Count Three of the Complaint, Plaintiff appears to allege a due process violation pursuant to the Fourteenth Amendment and the Ohio Constitution. (Doc. No. 1.) To be entitled to the procedural protections of the Fourteenth Amendment, Plaintiff must demonstrate that her failure to be re-hired deprived her of either a "liberty" or a "property" interest. *See Board of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 82 (1978). Plaintiff, however, has not alleged a deprivation of either. She has not identified any facts that establish a potential property or liberty interest. Although *pro se* pleadings are entitled to liberal construction, it is not this Court's function to search the record for evidence capable of supporting Plaintiff's bare allegation. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."); *Meridia Prods. Liab. Litig. v. Abbott Labs.*, No. 04-4175, 2006 U.S. App. LEXIS 11680 (6th Cir. May 11, 2006). Defendant has met its burden of showing that there is no genuine issue of material fact. As Plaintiff has made no attempt to direct the Court's attention to specific evidence in support of her allegations, Count Three should be dismissed.

The Magistrate Judge issued his Report and Recommendation on April 2, 2009. As indicated on the Docket, objections to the Report and Recommendation were due April 16, 2009. Plaintiff did not object to the Report and Recommendation within the required time period and has not filed for an extension of time within which to do so.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Notwithstanding the foregoing, the Court has reviewed the Report and Recommendation of the instant case *de novo*. *See Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

## Conclusion

The Court has reviewed the Report and Recommendation and finds it to be well-reasoned and correct. The Court agrees with, and adopts, findings and conclusions of Magistrate Judge White as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge White (Docket #35) in its entirety. Accordingly, the Motion for Summary Judgment filed by Defendant (Docket #32) is GRANTED. This case is

hereby TERMINATED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: April 22, 2009